Dear Mayor Henagan:
Reference is made to your recent request for additional information regarding the use of a portion of the proceeds of a dedicated 1/2 cent sales and use tax approved by the voters of the City of DeQuincy for the purposes specified in the tax proposition as follows:
 ". . . the proceeds of the Tax to be dedicated and used for the following purposes:
 * * *
 (ii) 28% for maintaining, operating and purchasing necessary equipment for DeQuincy Memorial Hospital and/or improving the DeQuincy Memorial Hospital"
The 28% of the revenue generated by the tax proposition, as set forth above, was the subject of Attorney General's Opinion No. 99-177.
At the time you requested Opinion No. 99-177, the City of DeQuincy was negotiating a sale of the DeQuincy Memorial Hospital to a private concern. In anticipation of that sale, you asked this office to advise you as to what should or could be done with the proceeds of the tax dedicated as set forth above. It is our understanding that the hospital has now been sold. In Opinion No. 99-177, this office advised that sales and use tax revenues must be used in accordance with the will of the voters, and that such revenues can only be utilized for the purposes set forth in the proposition approved by the electorate. We further advised that:
 ". . . the tax revenues in question, which were dedicated for `maintaining, operating and purchasing necessary equipment for . . . and/or improving the DeQuincy Memorial Hospital,' can only be utilized for that purpose. Absent a rededication of those funds by the voters, the funds in question cannot be put to any other legal purpose. In order to utilize any accumulated proceeds of the hospital's percentage of the sales tax in question and/or in order to continue collecting this sales tax, the City should have its voters rededicate the hospital's percentage of the sales tax to another purpose, by having a proposition to that effect placed before the voters at a future election."
Approximately one week before the sale took place, you requested this additional opinion. We understand that in anticipation of our advice herein, the city continued to collect the above referenced 1/2 cent sales tax, and has placed the 28% dedicated to the hospital in escrow. The additional issues we have been asked to address can be summarized as follows:
 1. Should the City of DeQuincy discontinue collecting only 28% of the 1/2 cent sales tax, or should the city discontinue collecting all of the 1/2% sales tax?
 2. Is it possible for the city to collect all of the 1/2% sales tax and hold the hospital portion (28%) in escrow until October, when the city can present a proposition to the electorate to rededicate the hospital portion of the tax to another purpose?
 3. If the city must discontinue collecting the tax, are there any laws or regulations regarding how soon to notify the collectors of this sales tax of its cancellation?
In response to the first question set forth above, it is our opinion that the city does not need to discontinue collecting the entire 1/2 cent sales tax. In our opinion, the only portion of the tax that must be addressed is the 28% of the tax that was dedicated to the hospital.
With regard to that 28% of the tax, it is our opinion that the city should attempt to cease collection of the portion of the tax dedicated to the hospital unless and until such time as the voters have rededicated that portion of the tax. As stated in our prior opinion on this matter, taxes should only be used in accordance with the will of the electorate. Since the sale of the hospital, the purpose approved by the voters for the levy of the hospital portion of the tax no longer exists. In our opinion, the city should not continue to collect a tax dedicated by the electorate to a purpose that no longer exists.
In response to the second question, we believe that pending voter rededication of the hospital portion of the sales tax, the city has no choice but to hold in escrow any collected tax revenues attributable to the 28% of the sales tax that has been dedicated to hospital. We note that when the city endeavors to notify sales tax collectors that this portion of the tax should no longer be collected, there will be funds attributable to the hospital portion of the tax that will continue to be forwarded to the city, at least in the short run. Pending the October election, these funds should also be escrowed. However, as set forth in our answer to the first question, it is our advice that the city should endeavor to cease collecting this portion of the tax, pending voter rededication thereof.
In prior opinions of this office, we have had occasion to address the use of surplus remaining tax revenues dedicated to the payment of bonds after the bonds have been paid in full. It has been the long-standing opinion of this office that surplus tax revenues held by a political subdivision after the bonds have been paid in full should be returned to taxpayers ratably, if practical. If the expenses of a pro rata return make this impractical, we have advised that the funds should be transferred to the general fund to be used for a purpose similar to that for which the bonds were authorized. Attorney General's Opinions No. 93-294, 88-566, 88-281 and 83-707. We believe the City of DeQuincy should treat the collected funds that are the subject of this opinion in a similar fashion.
Consistent with our opinion regarding surplus bond funds, it is our opinion that if the City of DeQuincy is unsuccessful in its endeavor to have the hospital portion of the tax rededicated, it must endeavor to return the fund to the taxpayers, ratably. If the expenses of a pro rata return make this impractical, the funds should be transferred to the city's general fund, to be used for a purpose similar to the purpose for which it was collected.
In response to the third question set forth above, please be advised that our research did not reveal any laws or regulations that directly address how or when a municipality should accomplish notifying sales tax collectors that sales taxes or portions thereof should no longer be collected.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you in the future.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
JMZB/jv